UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62880-CIV-SINGHAL/VALLE

MHG HOTELS, LLC,

    Plaintiff,

v.

STUDIO 78, LLC,

    Defendant.
_____/

STUDIO 78, LLC,

    Third-Party Plaintiff

v.

PROMUS ENGINEERING LLC and
PALMER ENGINEERING COMPANY,

    Third-Party Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on two motions: (1) Defendant Studio 78, LLC's Amended Motion to Strike Plaintiff MHG Hotels, LLC's Expert Witness Disclosure and for Sanctions (DE [79]); and (2) Studio 78's Amended Motion in Limine Regarding Late-Produced Memorandum and Documents (DE [78]). The Court has also considered MHG's Responses in Opposition (DE [106], [107]) and Studio 78's Replies (DE [116], [117]). For the reasons discussed below, the Court grants in part and denies in part Studio 78's Amended Motion to Strike and denies Studio 78's Amended Motion in Limine.

**I.   BACKGROUND**

MHG and Studio 78, an architectural firm, contracted for Studio 78 to provide

design plans for construction of two hotels: one in Florida and one in Indiana. Am. Compl. (DE [1-2], at 20–22). Relevant to these two Motions, MHG alleges that Studio 78 was negligent and breached its industry-imposed duty of care as an architect on the Florida project. *Id.* at 23. In November 2018, the entire case was active only in the Southern District of Indiana, where it had been removed from Indiana state court. *See* (DE [1]). The claims involving the Florida hotel were severed and transferred to the Southern District of Florida in November 2019. *See id.*

In a Joint Status Report (DE [18]) filed in January 2020 in this Court, MHG and Studio 78 informed the Court that they had "exchanged some written discovery" but had not taken any depositions. In the Scheduling Order (DE [30]) in this action, this Court ordered the parties to exchange expert-witness summaries or reports by September 1, 2020, and to complete all discovery by January 14, 2021.

### A. Motion to Strike

In MHG's Federal Rule of Civil Procedure 26(a)(2) expert disclosure, it listed Eric Anderson, an architect, who would testify about Studio 78's incomplete design plans and about architects' standard of care:

> This witness is expected to testify to the incorrect and incomplete plans provided by Studio 78 for a hotel being developed in Deerfield Beach, Florida (the "Florida Project") as outlined in the facts developed in the record and the specific reasons that entirely new plans were necessary. Additionally, it is expected that this witness would testify as to the standard degree of care and skill ordinarily exercised by architects with respect to any other alleged design failures by Studio 78 as outlined in the facts currently on the record, including those identified in MHG's Responses to Studio 78's Interrogatories (propounded and responded-to prior to the claims related to the Florida Project being transferred to the Southern District of Florida), and that Studio 78 did not operate with such care or skill. These opinions will be based on the witness' experience in the architectural industry and the application of that knowledge to the facts and documents currently in the record.

2

Ex. F to Resp. in Opp'n (DE [106-6], at 1–2).  MHG hired Anderson to work on the design plans for construction of the Florida hotel after Studio 78 was terminated from the project. *See* Ex. B to Resp. in Opp'n (DE [107-2], at 4). In a footnote in the expert disclosure, MHG stated that it believed Anderson was a fact witness rather than an expert witness, but MHG was listing Anderson as an expert "out of an abundance of caution" because his architecture expertise "could be construed as expert testimony."  Ex. F to Resp. in Opp'n 1 n.1.  Studio 78 now asks this Court to strike MHG's expert disclosure because it is "woefully inadequate" under Federal Rule of Civil Procedure 26 and to award Studio 78 sanctions under Federal Rule of Civil Procedure 37 because it is "unfairly and severely prejudiced."  Mot. to Strike 2 (DE [79]).

### B. Motion in Limine

The parties had originally scheduled the deposition of one of MHG's other witnesses before the discovery deadline, but they had to reschedule it to February 3, 2021.  Twenty minutes before this rescheduled deposition—after the discovery deadline—MHG's now-withdrawn counsel emailed Studio 78's counsel, stating that he had just received from prior outside counsel a memorandum drafted by Anderson and was not sure if it had already been produced; MHG's counsel was "play[ing] it safe" and producing the memorandum.  *See* Ex. C to Resp. in Opp'n (DE [107-3]).  The memorandum is dated October 2, 2018, and notes all the identified design deficiencies and code violations in Studio 78's plans for the Florida hotel.  *See id.*  Studio 78 did not depose Anderson before the discovery deadline.  Studio 78 now moves to exclude Anderson's memorandum, arguing that it was produced for the first time in the Florida litigation after the discovery deadline with no explanation for the late production.

## II. LEGAL STANDARDS

### A. Motion to Strike

Under Federal Rule of Civil Procedure 26(a)(2), some experts are required to provide written reports, while others are not. A witness must provide a written report if he or she is "retained or specially employed to provide expert testimony in the case" or if his or her "duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report has five requirements, including providing a complete statement of all the expert's opinions and the underlying reasons for those opinions. *Id.* 26(a)(2)(B)(i)–(v); *see also Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008). But a witness who does not fall within Rule 26(a)(2)(B)'s definition need not provide a written report; instead, the witness must provide a disclosure of "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii); *see also Pringle v. Johnson & Johnson*, 2019 WL 6723822, at *1 (S.D. Fla. Dec. 11, 2019). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 719 (11th Cir. 2019) (quoting *Reese*, 527 F.3d at 1266).

Further, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court may also "order payment of

4

the reasonable expenses, including attorney's fees, caused by the failure[.]" *Id.* 37(c)(1)(A). In determining whether a party's non-compliance was substantially justified, "courts generally consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Izquierdo v. Certain Underwriters at Lloyds, London*, 2020 WL 6106854, at *3 (S.D. Fla. Sept. 8, 2020) (citing *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010)).

### B. Motion in Limine[1]

Regarding discovery deadlines, parties are required to comply with a scheduling order, *see* S.D. Fla. L.R. 16.1(b)(6), and failure to comply may result in an appropriate penalty, *see id.* 16.1(*l*). The court has the discretion to exclude evidence for a party's failure to comply with court-ordered discovery deadlines. *See L & C Marine Transp., Ltd. v. Ward*, 755 F.2d 1457, 1463 (11th Cir. 1985) ("A district court's ruling to admit or exclude evidence because of one party's failure to comply with the limits imposed on discovery is not to be disturbed absent a clear abuse of discretion." (citing *Port Terminal & Warehousing Co. v. John S. James Co.*, 695 F.2d 1328, 1335 (11th Cir. 1983))); *see also* Fed. R. Civ. P. 16(f)(1)(C) (providing that a court "may issue any just orders" for a party's failure to comply with a scheduling order). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Berryman-Dages v. City of Gainesville*, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012) (collecting cases).

---

[1] The substance of Studio 78's "motion in limine" is more appropriately classified as seeking a sanction for MHG's violation of a scheduling order.

### III. DISCUSSION

#### A. Motion to Strike

Studio 78 argues that MHG's expert disclosure severely prejudices Studio 78 because it contains general and vague assertions with no expert report and does not provide a basis that would allow Studio 78 to prepare its case. *See, e.g.*, *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, 2019 WL 7821249, at *3–4 (S.D. Fla. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 510112 (S.D. Fla. Jan. 31, 2020) (recommending that expert disclosure be stricken because, among other reasons, no expert report was provided, expert's bases for his opinions were not disclosed, and defendant "would be quite literally guessing as to everything that [the expert] may testify to"); *Mars v. Macy's Fla. Stores, LLC*, 2019 WL 9078707, at *2 (S.D. Fla. Oct. 2, 2019) (striking "woefully insufficient" expert disclosure that did not include any written report, did not adequately describe expert's subject matter, and did not include a summary of facts and opinions).

MHG responds that its disclosure needed not comply with Rule 26(a)(2)(B) because Anderson is not a witness who was "retained or specially employed to provide expert testimony in the case." *See* Fed. R. Civ. P. 26(a)(2)(B). Instead, MHG argues, Anderson is a "hybrid fact and expert witness" subject only to Rule 26(a)(2)(C)'s less stringent requirements. Resp. in Opp'n 1 (DE [106]). In support, MHG points to its response to an interrogatory served in the Indiana litigation in November 2018, where it identified Anderson as having "lay witness knowledge due to [his] direct involvement in this matter." Ex. B to Resp. in Opp'n (DE [106-2], at 17). MHG also stated that it was listing Anderson as a "potential expert" because he has "a level of expertise, training,

6

certification and knowledge that qualifies [him]" as an expert in architecture. *Id.* MHG also points to Studio 78's request for production of expert reports served in December 2018 in the Indiana litigation, to which MHG responded that Anderson is not an "'expert witness[]' in the generally used context of the phrase." Ex. D to Resp. in Opp'n (DE [106-4], at 4). MHG further directed Studio 78 to Anderson's memorandum outlining the issues Anderson identified related to Studio 78's design plans for the Florida hotel. *Id.* at 5; *see also* Ex. E to Resp. in Opp'n (DE [106-5]) (Anderson's memorandum).

Under these facts, the Court finds that Anderson falls within Rule 26(a)(2)(C)'s ambit, and an expert report was therefore not required. The Court's conclusion is buttressed by two sources: the Advisory Committee's Notes to the 2010 amendment of Rule 26 and the pre-amendment case of *Prieto v. Malgor*, 361 F.3d 1313 (11th Cir. 2004). The Advisory Committee Note to the 2010 amendment of Rule 26 provides that "[a]n (a)(2)(B) report is required only from an expert described in (a)(2)(B)," and "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705."

As a subpart (C) example, the note refers to "physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. The parties agree that whether an expert report is required depends on the *substance* of the witness's testimony, regardless of whether the witness is categorized as a pure or hybrid expert. *See Singletary v. Stops, Inc.*, 2010 WL 3517039, at *6 (M.D. Fla. Sept. 7, 2010) ("Like the other provisions of Rule 26, the expert report requirement turns on the substance of the testimony of the witness, not the status or categorization of the witness." (citation

7

omitted)). The Eleventh Circuit has noted, for example, that a witness who "function[s] exactly as an expert witness normally does, providing a technical evaluation of evidence he ha[s] reviewed in preparation for trial," is subject to the expert-report requirement. *Prieto*, 361 F.3d at 1319. On the other hand, a witness whose testimony is limited to opinions based on his or her direct observations and personal knowledge is subject to only the more lenient disclosure requirement in Rule 26(a)(2)(C). *See Prieto*, 361 F.3d at 1319; *Rossi v. Darden*, 2017 WL 2129429, at *3 (S.D. Fla. May 17, 2017).

The Court finds that the substance of Anderson's testimony is hybrid fact and expert testimony. MHG, by its own admission, intends to use Anderson to provide expert testimony about the architectural standard of care. But it is undisputed that Anderson, who was hired as the architect of record on the Florida hotel when Studio 78 was terminated, *see* (DE [106-5]), will also provide testimony about facts he observed first-hand on the project. For example, MHG's disclosure indicates that Anderson will testify in a lay-witness capacity about the "incorrect and incomplete plans provided by Studio 78" for the development of the Florida hotel and "the specific reasons that entirely new plans were necessary." *Id.* at 1–2. Thus, because Anderson was not retained or specially employed *for the purpose* of giving expert testimony and because he will testify about his first-hand experience as the architect on the case, he is considered a hybrid fact and expert witness not subject to the expert-report requirement of Rule 26(a)(2)(B).

Nevertheless, the Court agrees with Studio 78 that MHG's disclosure does not even satisfy Rule 26(a)(2)(C)'s less stringent standard. As discussed above, that rule requires MHG to disclose both the subject matter on which Anderson will testify under Federal Rules of Evidence 702, 703, and 705 and "a summary of the facts and opinions"

8

to which he will testify. *See* Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii); *Bingham v. Baycare Health Sys.*, 2016 WL 5106946, at *4 (M.D. Fla. Sept. 20, 2016) (stating that "non-retained testifying experts (including 'hybrid' witnesses who are both fact witnesses and expert witnesses) must provide summary disclosures" under subsection (a)(2)(C)). Here, the portion of MHG's disclosure relating to Anderson's expert testimony merely states that Anderson will testify

> as to the standard degree of care and skill ordinarily exercised by architects with respect to any other alleged design failures by Studio 78 as outlined in the facts currently on the record, including those identified in MHG's Responses to Studio 78's Interrogatories (propounded and responded-to prior to the claims related to the Florida Project being transferred to the Southern District of Florida), and that Studio 78 did not operate with such care or skill. These opinions will be based on [Anderson's] experience in the architectural industry and the application of that knowledge to the facts and documents currently in the record.

Ex. F to Resp. in Opp'n (DE [106-6], at 2).

The Court does not find that this disclosure comports with Rule 26(a)(2)(C)'s requirement of providing a *summary* of the facts and opinions to which Anderson will testify. Indeed, there is no substantive summary whatsoever of Anderson's opinion other than that Studio 78 did not satisfy its duty of care or skill. And MHG simply directs Studio 78 to *all* the facts and documents already in the record. *Cf. Jones v. Royal Caribbean Cruises, Ltd.*, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013) ("Allowing medical records to be submitted 'in lieu of a summary [of a physician's testimony under Rule 26(a)(2)(C)] would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a summary.'" (quoting *Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013))). MHG's generic and vague single-paragraph disclosure is insufficient because it does not adequately allow

Studio 78 to prepare for rebuttal or cross-examination. *See Reese*, 527 F.3d at 1265 ("[T]he expert disclosure rule is intended to provide opposing parties 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000))); *cf. Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008) (affirming exclusion of plaintiffs' expert reports under Rule 26(a)(2)(B) because reports contained only a single paragraph, and "[n]either report stated the expert's anticipated opinion with sufficient specificity to allow [the defendant] to prepare for rebuttal or cross-examination").

Nor does the Court find that MHG's failure to adequately comply with Rule 26(a)(2)(C) was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Izquierdo*, 2020 WL 6106854, at *3. There is no doubt that Anderson's testimony as an expert on the architectural standard of care is highly important in this case, as MHG has no other expert witness to prove its negligence claim should it choose to use expert testimony.[2] As to the second prong addressing MHG's explanation for the inadequate disclosure, MHG's now-withdrawn counsel apparently believed that Anderson was primarily a fact witness and therefore counsel needed not adhere to Rule 26's expert-disclosure requirements. The Court disagrees.

Lastly, regarding the third and fourth prejudice prongs, the Court agrees with Studio 78 that MHG's inadequate disclosure results in prejudice to Studio 78 that cannot be cured by another continuance. All discovery, including expert discovery, closed more than three months ago on January 14, 2021, *see* (DE [30]), and this Court has already

---

[2] Studio 78 has also moved for partial summary judgment on the issue of MHG's failure to prove architectural standard of care if this Court were to strike Anderson as an expert. *See* (DE [99]). The Court will address the merits of summary judgment in a separate order.

10

denied MHG's motion to extend the discovery deadline once, *see* (DE [105]). Further, trial was originally scheduled for May 2021, *see* (DE [30]), but has already been continued to September 2021 at MHG's request, *see* (DE [105]). Thus, keeping Anderson as an expert would require the Court to reopen discovery to allow Studio 78 to depose Anderson, which would further delay the litigation and probably require another continuance. The Court is not inclined to do this. *Cf. Izquierdo*, 2020 WL 6106854, at *4. But the Court declines to award Studio 78 sanctions against MHG under Rule 37(c)(1)(A) because Studio 78 has inexplicably waited more than five months after receiving the disclosure to bring to the Court's attention its inadequacy. Thus, the Amended Motion to Strike is granted in part and denied in part.

### B. Motion in Limine

Studio 78 contends that Anderson's memorandum should be excluded from evidence because Studio 78 was prejudiced by the late production. The Court disagrees. In MHG's preliminary witness and exhibit list produced in the Indiana litigation in October 2018, MHG listed Anderson as a potential lay witness and listed Anderson's "[a]rchitectural plans" as a potential exhibit. Ex. A to Resp. in Opp'n (DE [107-1], at 2, 3). Further, in MHG's responses to Studio 78's requests for production in the Indiana litigation—produced in December 2018—MHG specifically directed Studio 78 to the memorandum in question, noting that this memorandum identified issues related to Studio 78's plans for the Florida hotel. Ex. B to Resp. in Opp'n (DE [107-2], at 5).

Studio 78's reply that its current counsel was not counsel of record in the Indiana litigation and therefore was not served with the Indiana discovery is unavailing. As MHG points out, the docket of this case contains some of the written discovery that had been

11

produced in the Indiana litigation before the Florida claims were severed, including MHG's preliminary witness list identifying Anderson as the architect hired on the Florida project. *See* (DE [1-2], at 501, 502, 627). It does not appear, however, that the discovery filed on this Court's docket includes the memorandum itself. Nevertheless, it is undisputed that MHG's response to Studio 78's requests for production in the Indiana litigation served in December 2018 expressly referred to Anderson's memorandum with its Bates number. *See* Ex. D to Resp. in Opp'n (DE [106-4], at 5). Further, in this litigation—before the discovery deadline—MHG also alerted Studio 78 to Anderson's testimony by pointing Studio 78 to MHG's responses to interrogatories propounded in the Indiana litigation, which are a part of the record in this Court. *See* Resp. in Opp'n 6–7 (DE [107]); (DE [1-3], at 700–01).

Thus, there is no doubt that Studio 78, as a party, has been in possession of Anderson's memorandum since December 2018 when it was produced in the Indiana litigation; that Studio 78 was aware, through filings in this Court, of Anderson's involvement as an architect on the Florida project; and that Studio 78 was aware, through filings in this Court, that Anderson would provide hybrid fact and expert testimony. Yet Studio 78 still failed to depose Anderson, for whatever reason. Under these facts, the Court does not find that Studio 78's Florida counsel's failure to be alerted to the memorandum is the result of any failure by MHG to adhere to Court-ordered discovery deadlines.[3] Consequently, the Court denies Studio 78's motion to exclude Anderson's

---

[3] MHG acknowledges that its now-withdrawn counsel in the Florida litigation apparently failed to send Studio 78's Florida counsel all the Indiana-related discovery (including the memorandum) and instead sent Studio 78's own discovery responses. But it appears that Studio 78 either failed to review the received documents or failed to alert MHG or the Court to the error. *See* Resp. in Opp'n 5–6 (DE [107]).

memorandum from evidence for late disclosure.[4]  Finally, the Court also denies Studio 78's blanket motion to exclude other unidentified documents that MHG might produce late because Studio 78 fails to specifically identify any late-produced document that MHG intends to use at trial.  Studio 78's Amended Motion in Limine is therefore denied in its entirety.

## IV. CONCLUSION

In conclusion, because no substantial justification exists for MHG's inadequate Rule 26(a)(2)(C) disclosure, the Court must strike Anderson to the extent that he will testify or provide evidence on a motion, hearing, or at trial in an expert capacity.  *See* Fed. R. Civ. P. 37(c)(1).  The Court is not striking Anderson in his lay-witness capacity.  Thus, it will be incumbent on Studio 78 to object to Anderson's testimony at trial (if the case reaches that point) if it is inconsistent with this Order.  *See, e.g.*, *Baratta v. City of Largo*, 2003 WL 25686843, at *3 (M.D. Fla. Mar. 18, 2003) ("The exact boundaries of the treating physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial." (citing *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001))).  The Court also denies Studio 78's request for sanctions under Federal Rule of Civil Procedure 37(c)(1)(A).

Regarding the memorandum, the Court finds that Studio 78 was in possession of the memorandum before the discovery deadline, albeit from the Indiana litigation, and was aware of MHG's intent to call Anderson as a witness.  Studio 78 is therefore not prejudiced.  Studio 78 also fails to identify any other documents that were allegedly produced late and are intended to be used at trial by MHG.  Accordingly, it is hereby

---

[4] This ruling should not be interpreted as allowing Anderson to use the memorandum to testify in an expert capacity, which the Court has already determined Anderson cannot do.

**ORDERED AND ADJUDGED** that Studio 78's Amended Motion to Strike MHG's Expert Witness Disclosure and for Sanctions (DE [79]) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that Eric Anderson is precluded from providing any information or testimony in support of a motion, at a hearing, or at trial in his expert capacity, though he is permitted to testify as a lay witness. Studio 78's request for sanctions is **DENIED**. Studio 78's Amended Motion in Limine Regarding Late-Produced Memorandum and Documents (DE [78]) is **DENIED** in its entirety.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of May 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF