UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62880-CIV-SINGHAL/VALLE

MHG HOTELS, LLC,

      Plaintiff,

v.

STUDIO 78, LLC,

      Defendant.

_____/

STUDIO 78, LLC,

      Third-Party Plaintiff
v.

PROMUS ENGINEERING LLC and
PALMER ENGINEERING COMPANY,

      Third-Party Defendants.

_____/

**<u>OMNIBUS ORDER ON DISPOSITIVE MOTIONS</u>**

**THIS CAUSE** is before the Court on three motions: (1) Defendant Studio 78, LLC's Amended Motion for Final Summary Judgment on the Issue of Standing or, Alternatively, for Partial Summary Judgment on Count II ("Studio 78's Amended MSJ") (DE [99]); (2) Third-Party Defendants Promus Engineering LLC and Palmer Engineering Company's (collectively, "Engineers") Motion for Summary Judgment or, Alternatively, for Partial Summary Judgment ("Engineers' MSJ") (DE [100]); and (3) Plaintiff MHG Hotels, LLC's Motion to Strike ("MHG's Motion to Strike") (DE [120]). The Court has also considered all the responses and replies to these motions and the statements of material facts. *See* (DE [113], [118], [119], [122], [123], [121], [126], [124], [125]). For the reasons discussed

below, the Court grants in part and denies in part Studio 78's Amended MSJ; denies in part and denies as moot in part MHG's Motion to Strike; and denies Promus and Palmer's MSJ.

## I.   PROCEDURAL MATTERS

At the outset, the Court notes that the parties in this case seem to have frequent trouble adhering to Court orders and the Local Rules.  *See* (DE [48], [54], [58], [63], [97], [98]).  Yet again, the parties have failed to comply with a Court order.  Specifically, the Court's April 20, 2020 Scheduling Order provides that, within 24 hours of filing a motion for summary judgment or a response to the motion, the movant and non-movant must separately file an index of cited exhibits that "names each exhibit and references the docket entry at which that exhibit may be found."  (DE [30], at 4, 5).  Studio 78 and MHG have both failed to file this required index.

Additionally, on March 25, 2021, Studio 78 filed an Amended Statement of Material Facts ("ASOMF") (DE [113]) in support of its Amended MSJ.  But this ASOMF was filed *after* the March 12, 2021 deadline for filing dispositive motions, which the Court had already extended once.  *See* (DE [65]).  Studio 78's Amended MSJ (DE [99]), though timely filed, also includes a section of "Undisputed Facts" that differs from the separately filed ASOMF.

MHG currently moves to strike Studio 78's ASOMF as untimely and moves to strike the "Undisputed Facts" section within Studio 78's Amended MSJ.  *See* Mot. to Strike 4 (DE [120]).  Studio 78 tries to explain its non-compliance by stating that it filed the ASOMF on March 25 because new counsel was retained the previous day and because it intended to assist MHG in responding to the Amended MSJ.  Studio 78 also responds that it filed the ASOMF "for clarification, to have a clean record, and to make it abundantly clear

which set of facts were to be responded to by [MHG]."  Resp. to Mot. to Strike 2 (DE [124]).

This excuse does not satisfy the Court.  Although the Court recognizes the complications that come with retaining new counsel in the middle of litigation, new counsel is still required to comply with Court orders and should move for leave to file an untimely document.  Studio 78 blatantly disregarded this Court's March 12 Order denying its motion for extension of time to file dispositive motions.  *See* (DE [98]).  It is unclear why prior counsel did not think to file the ASOMF on the same day as the Amended MSJ, *before* the dispositive-motion deadline.

The Court will not tolerate the parties' repeated non-compliance with Court orders.  Indeed, both the Scheduling Order and the Local Rules warn the parties that failure to comply may result in sanctions.  *See* (DE [30], at 7); S.D. Fla. L.R. 16.1(b)(6) ("[T]he parties are required to comply with any pretrial orders by the Court . . . ."); S.D. Fla. L.R. 16.1(*l*) ("Failure to comply with the requirements of this Local Rule will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment.").  The Court finds that striking the ASOMF is too harsh a sanction.  Instead of granting the portion of MHG's Motion to Strike (DE [120]) directed toward the ASOMF's untimely filing, the Court will impose another sanction.  Thus, MHG's Motion to Strike (DE [120]) is denied in part on the merits.

But what is the Court to do to encourage lawyers to follow the rules?  Indeed, all other litigants before this Court on myriad cases abide by the same rules and are aware of various sanctions available to the Court for non-compliance.  The federal rules authorize sanctions as severe as dismissal where Court orders are ignored.  *See* Fed. R. Civ. P. 11, 37.  Here, the parties have failed to follow the rules more often than all other litigants the combined total of all the cases in the undersigned's judicial career.  *See*

(DE [30], [48], [54], [58], [63], [97] and [98]).  At some point, it would seem that the failure to follow rules must be known by the client.  And, where the client is a participant in such conduct, the Court's reluctance to dismiss a case is erased.  This Court is reticent to end a case as a form of punishment, but it would not be unprecedented in this Circuit.  *See Lyons v. O'Quinn*, 746 F. App'x 898, 901 (11th Cir. 2018) ("[Dismissal] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976))).  In this case, the better course of practice is to consider the lawyers' positions on appropriate sanctions.  Accordingly, counsel for each party shall file with the Court, no later than close of business on Tuesday, **June 1, 2021**, a submission not to exceed three double-spaced pages describing appropriate sanctions for themselves and their opposition, and why.  "I would impose no sanctions" is not an option.

Regarding the "Undisputed Facts" section within Studio 78's Amended MSJ, Studio 78 concedes that the Court should not consider this section because it may cause confusion with the ASOMF.  Studio 78 agrees to withdraw the "Undisputed Facts" from the Court's consideration.  Thus, the portion of MHG's Motion to Strike (DE [120]) directed toward the "Undisputed Facts" within Studio 78's Amended MSJ is denied as moot, and the Court will not consider the "Undisputed Facts."

## II.    UNDISPUTED MATERIAL FACTS

The following material facts are undisputed by Studio 78 and MHG.[1]  This lawsuit

---

[1] As will be discussed in Part IV.B. below, Engineers intentionally did not submit any statement of material facts in support of their MSJ (DE [100]).  Thus, these undisputed facts do not apply to that Motion.

stems from purported design deficiencies related to the design of a Fairfield Inn & Suites Hotel located in Deerfield Beach, Florida ("the Project" or "the Property").  MHG contracted with Studio 78 for design services.  *See* (DE [119-3]).  MHG sued Studio 78 for breach of contract (count I) and negligence (count II) relating to those services.  Am. Compl. (DE [1-2], at 40–58).  In the contract, the parties agreed to a standard of care:

> 14.  Standard of Care:  Services provided by the Architect under this Agreement will be provided in a manner consistent with that degree of care and skill ordinarily exercised by architects currently practicing under similar circumstances.  The services of the Architect will not be perfect.  The B-101, 2007 Edition, Standard AIA Form of Agreement shall be the reference standard for this agreement.

(DE [119-3], at 5).

MHG is not, and never was, the owner or operator of the Property.  *See* Patel Depo. (DE [72], at 10).[2]  At all times relevant to this litigation, another entity—Hotels of Deerfield, LLC—owned the Property.  *Id.* at 11, 12, 33; *see also* (DE [73], at 11–17). Hotels of Deerfield is a single-purpose entity that was created to own the Property and land.  Patel Depo. (DE [72], at 12).  Hotels of Deerfield, not MHG, was also the named borrower on the promissory note and loan on the Property.  *Id.* at 12, 13, 32, 33.

MHG asserts that it was Hotels of Deerfield's "representative and agent" for purposes of the Project's planning, design, and construction, *see* OSOMF ¶ 14 (DE [119]); Patel Aff. ¶ 4 (DE [119-1]), but Studio 78 disputes this fact.  Studio 78 asserts that although Sanjay Patel owned 100% of both entities, *see* Patel Depo. (DE [72], at 33), the record does not indicate an agency relationship anywhere other than in Patel's affidavit.  Studio 78 points to another portion of Patel's deposition indicating that Hotels of Deerfield was the borrower under the loan, and Patel was simply a guarantor.  *Id.*

---

[2] All page numbers of Docket Entries 72 and 73 refer to the CM/ECF-generated page numbers.

After the dispute between Studio 78 and MHG arose, MHG retained Eric Anderson, a licensed architect, to serve as replacement architect of record on the Project. *See* Anderson Aff. ¶ 5 (DE [119-4]); Patel Depo. (DE [72], at 41). Regarding the dispute, MHG asserts that it "terminated" Studio 78, while Studio 78 asserts that it terminated the contract for MHG's nonpayment of fees. *See* Anderson Aff. ¶ 5 (DE [119-4]); Patel Depo. (DE [72], at 41). Anderson reviewed the Project's records, including the plans initially prepared by Studio 78. Anderson Aff. ¶ 7 (DE [119-4]). In MHG's Opposing Statement of Material Facts, it cites to Anderson's Affidavit to describe the deficiencies that Anderson—in his expert opinion—identified with Studio 78's plans. *See* OSOMF ¶¶ 21–22 (DE [119]). But, on May 6, 2021, this Court struck Anderson from providing any expert evidence in support of MHG's claims, (DE [127], at 14), and MHG has not disclosed any other expert witness in this case. Studio 78 and Engineers now move for summary judgment.

## III.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 F. App'x 817, 820 (11th Cir. 2015).

*Nakava, LLC v. S. Pac. Elixir Co.*, 2020 WL 4601641, at *1 (S.D. Fla. Aug. 10, 2020).

## IV.   DISCUSSION

### A.  Studio 78's Amended MSJ

Studio 78 argues that summary judgment should be entered in its favor on MHG's negligence claim for two reasons: (1) MHG lacks Article III standing to bring the negligence claim because it suffered no injury, nor is MHG the real party in interest under Federal Rule of Civil Procedure 17(a)(1)[3]; and (2) with Anderson having been struck as an expert, MHG offers no other expert evidence to prove its negligence claim.  The Court addresses each argument in turn.

### i.  Standing

The party invoking federal jurisdiction bears the burden of proving standing. *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  When standing becomes an issue on a motion for summary judgment, the plaintiff cannot rely on "mere allegations" that it was injured by the defendant's conduct.  *Id.* (citing *Lujan*, 504 U.S. at 561).  "Instead, the plaintiff must 'set forth by affidavit or other evidence specific facts, . . . which for purposes of the summary judgment motion will be taken to be true.'"  *Id.* (omission in original) (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 561).  The disputed facts, however, must still be construed in the plaintiff's favor.  *Id.* (quoting *Haase v. Sessions*, 835 F.2d 902, 904 (D.C. Cir. 1987)).

---

[3] Studio 78 originally argued in its Amended MSJ that MHG also lacked standing to bring the breach-of-contract claim in count I but has since withdrawn that argument.  *See* Reply 1 n.1, 7 (DE [122]).  Thus, only the negligence claim is at issue.

The Court notes, however, that Studio 78's Amended MSJ is confusing.  Studio 78 seems to include only one paragraph specifically pertaining to its negligence argument.  *See* Studio 78's Am. MSJ 13–14 (DE [99]).  On the other hand, the conclusion paragraph of the text preceding the negligence-specific argument says that summary judgment should also be entered on the negligence claim.  *See id.* at 13.  The Court will attempt to decipher Studio 78's arguments as written.

To establish Article III standing, a plaintiff must establish three elements:

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* at 883 (omissions and alterations in original) (quoting *Lujan*, 504 U.S. at 560–61).

"The concepts of a plaintiff's standing to sue and his status as the real party in interest are interrelated, yet conceptually distinct."  *Gonzalez ex rel. Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1182 (S.D. Fla. 2000), *aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000).  Under Federal Rule of Civil Procedure 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest."  "In general, a real party in interest is a party that has a real and substantial stake in the litigation and who exercises *substantial control* over the litigation."  *Broyles v. Bayless*, 878 F.2d 1400, 1403 (11th Cir. 1989) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)).  But "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).

The purpose of Rule 17(a) is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to [e]nsure generally that the judgment will have its proper effect as res judicata."  *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003) (quoting Rule 17 advisory committee notes (1966)); *see also Tennyson v. ASCAP*, 477 F. App'x 608, 610 (11th Cir. 2012) ("The purpose of [Rule 17(a)] 'is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he

will be protected against another suit brought by the real party at interest on the same matter.'" (quoting *Celanese Corp. of Am. v. John Clark Indus.*, 214 F.2d 551, 556 (5th Cir. 1954))).  But "[a] district court does not exceed its power when it takes jurisdiction over a controversy, even if not brought by the real party in interest, as long as there exists a substantial identity of interest between the original plaintiff and the true party in interest, and as long as the pleadings set forth the facts upon which the real party would base its invocation of the court's jurisdiction in its own right."  *Delta Coal Program v. Libman*, 743 F.2d 852, 856 (11th Cir. 1984) (footnote omitted).

Here, the bulk of the argument section in Studio 78's Amended MSJ is dedicated to parroting case law on both Article III standing and Rule 17(a).[4]  Studio 78 argues that MHG is not the real party in interest and lacks standing because it is undisputed that MHG never owned the property, was not a borrower under the note and loan, and has not suffered any injury causing damage.  Studio 78 also contends that the record is devoid of any evidence supporting an agency theory between MHG and Hotels of Deerfield.

But it is unclear to the Court how these arguments apply to the negligence claim. Studio 78 does not direct the Court to any case law holding that a party who does not own a building cannot sue in negligence for a breach of the architectural standard of care. All the undisputed evidence in this case shows that MHG and Studio 78 agreed that Studio 78 would provide architectural design services for the Project, and Studio 78's plans were purportedly deficient.  Thus, Studio 78's argument that it owed no legal duty of care to MHG, and MHG therefore lacks standing, is without merit.

The Court also agrees with MHG that Studio 78 misrepresents Patel's deposition

---

[4] Studio 78 apparently entirely forgets in its Reply that it—not MHG—was the party who raised Rule 17(a) and appears to argue that Rule 17(a) is inapplicable to this case.

testimony.   Studio 78 asserts that even Patel, MHG's president, conceded in his deposition that MHG lacked standing to file suit.   *See* Studio 78's Am. MSJ 11–12 (DE [99]).   But Patel made no such concession.   Rather, Patel was asked how MHG was damaged by the increased loan amount if Hotels of Deerfield was the named borrower under the loan, to which Patel responded that he wholly owned both MHG and Hotels of Deerfield.   Patel Depo. (DE [72], at 32–33).   Counsel also clarified that Hotels of Deerfield was the borrower and Patel was just a guarantor, at which point Patel said: "You want us to name [Hotels of] Deerfield in this lawsuit *as well*?   We can revise that.   It is a cost.   I mean, [Studio 78 is] not going to get out of it.   This is a cost that increased, that cost us more."   *Id.* at 33 (emphasis added).   Thus, it is clear that Patel never conceded that MHG did not have standing but was instead stating that Hotels of Deerfield could be *added* as plaintiff to the suit.

Further, the record includes Patel's Affidavit, in which he attests that "MHG was [Hotels of] Deerfield's representative and agent for the purpose of the Project's planning, design and construction."   Patel Aff. ¶ 4 (DE [119-1]).   Studio 78's Reply Statement of Material Facts disputes this fact, points to Patel's same above-quoted deposition testimony in opposition, and states that MHG "created" this agency relationship in the affidavit.   *See* RSOMF ¶ 14 (DE [123]).   The Court does not find that Studio 78's assertion of a dispute creates an issue of genuine material fact.   *Cf. Marchisio v. Carrington Mortgage Services, LLC*, 919 F.3d 1288, 1311 (11th Cir. 2019) ("Generally, the existence of an agency relationship is a question of fact; however, when the moving party fails to produce any supportive evidence or when the evidence presented is so unequivocal that reasonable persons could reach but one conclusion, that question of fact becomes a question of law to be determined by the court." (quoting *Hickman v. Barclay's Int'l Realty,*

*Inc.*, 5 So.3d 804, 806 (Fla. 4th DCA 2009))).  Patel's affidavit testimony is consistent with his deposition testimony that, as owner of both entities, he (through MHG) would also be Hotels of Deerfield's agent.  Thus, the Court finds that, even assuming Hotels of Deerfield—and not MHG—was the real party in interest, both entities share "a substantial identity of interest," and the pleadings set forth enough facts that would allow Hotels of Deerfield to invoke jurisdiction in its own right to adjudicate the negligence claim.  *See Delta Coal Program*, 743 F.2d at 856.

Studio 78 also relies on *Elandia International, Inc. v. Koy*, 2010 WL 2179770 (S.D. Fla. Feb. 22, 2010), *report and recommendation adopted sub nom. Elandia Int'l, Inc. v. Ah Koy*, 2010 WL 2196040 (S.D. Fla. June 1, 2010), to support its standing argument.  In *Elandia*, in quoting an out-of-circuit case, the court stated that "[w]here the directors and officers of one company decide[] to incorporate a separate company, whatever the motive, they become 'bound by the disadvantages as well as the advantages of separate incorporation.'"  *Id.* at *7 (quoting *Diesel Sys., Ltd. v. Yip Shing Diesel Eng'g Co., Ltd.*, 861 F. Supp. 179, 181 (E.D.N.Y. 1994)).  There, a company called Datec Group wholly owned the subsidiary Generic, and Generic partially owned the subsidiary Datec PNG. *Id.* at *1 & n.3.  The plaintiff, eLandia, entered into an agreement with defendant Datec Group (and others) whereby eLandia exchanged 31% of its voting share capital for Datec Group's operating subsidiaries, Generic and Datec PNC.  *Id.* at *1.  But eLandia had no direct ownership interest in Datec PNG, only Generic did.  *Id.* at 7.  Thus, the court determined that Generic, and not eLandia, owned the tortious interference claim.  *Id.* at 8.  Even though eLandia was substantially involved in the underlying negotiation and business deal, only Generic had the necessary business relationship with Datec PNG required to bring a tortious interference claim.  *Id.*

11

This Court finds *Elandia* unpersuasive. First, aside from tortious interference not being at issue here, MHG and Hotels of Deerfield are both wholly owned by Patel. Second, MHG and Studio 78 contracted for design plans, and Studio 78 was allegedly negligent in discharging its duties related to those plans. Thus, MHG—the corporation that entered into the contract for design services—is the proper plaintiff in this suit.[5]

Studio 78 also reiterates in its Reply that MHG "unquestionably lacks standing to sue in negligence" but fails to elaborate on this unsupported assertion. Reply 7 (DE [122]). All Studio 78 contends is that MHG's damages in the form of investment and increased loan amounts do not, in and of themselves, support standing to assert negligence.[6] The Court is unpersuaded by this conclusory argument. Studio 78 therefore is not entitled to summary judgment on its argument that MHG lacks standing to bring its negligence claim.

## ii. Architectural Standard of Care

To establish a claim for architectural negligence under Florida law, the plaintiff must prove: "(1) a legal duty requiring the defendant to protect others from unreasonable risks, (2) breach of that duty, (3) a causal connection between the defendant's conduct and the injury, and (4) damages." *Suffolk Constr. Co., Inc. v. Rodriguez & Quiroga Architects Chartered*, 2018 WL 1335185, at *2 (S.D. Fla. Mar. 15, 2018) (citing *Williams*

---

[5] MHG's negligence and breach-of-contract claims are similar but appear to be independent, though no party has raised this issue. *See generally King v. Bencie*, 752 F. App'x 881, 883 (11th Cir. 2018) (discussing Florida's independent-tort doctrine); *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014) (same). The Court is not ruling that the contract itself confers the necessary standing for the negligence claim. Rather, the Court is finding that MHG—not Hotels of Deerfield—and Studio 78 had the requisite relationship that would confer a duty of care.

[6] It should also be noted that, in Studio 78's Reply Statement of Material Facts, it disputed the increased loan amounts that MHG incurred as a result of the alleged negligence without any record support and also noted that these facts were not relevant to the negligence argument of its Amended MSJ. *See* OSOMF ¶¶ 28, 30 (DE [119]); RSOMF ¶¶ 28, 30 (DE [123]). Thus, it is unclear why Studio 78 is raising the loan amounts in its Reply to the negligence argument.

*v. Davis*, 974 So. 2d 1052, 1057 (Fla. 2007); *Moransais v. Heathman*, 744 So. 2d 973, 975 n.3 (Fla. 1999), *receded from on other grounds by Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399 (Fla. 2013)).  "Florida courts have recognized that architecture is a profession where a standard exists [that] is 'created by architects in the community.'"  *U.S. ex rel. J&A Mech., Inc. v. Wimberly Allison Tong & Goo*, 2006 WL 3388450, at *3 (M.D. Fla. Nov. 21, 2006) (quoting *Graulich v. Frederic H. Berlowe & Assocs.*, 338 So. 2d 1109, 1110 (Fla. 3d DCA 1976)).  "The duty owed by a professional is 'a duty to perform the requested services in accordance with the standard of care used by similar professionals in the community under similar circumstances.'"  *Downs v. U.S. Army Corps of Eng'rs*, 517 F. App'x 717, 721 (11th Cir. 2013) (quoting *Moransais*, 744 So. 2d at 975–76).

Further, "[w]here a duty is not so obvious as to be apparent to persons of common experience, as is generally the case with professional negligence, a plaintiff must offer expert testimony to establish the standard of care used by similar professionals in the community under similar circumstances."  *U.S. ex rel. J&A Mech., Inc.*, 2006 WL 3388450, at *3  (citing *O'Grady v. Wickman*, 213 So. 2d 321, 323 (Fla. 4th DCA 1968); *Moransais*, 744 So. 2d at 975–76); *see also Chirillo v. Granicz*, 199 So. 3d 246, 252 (Fla. 2016) ("To determine what skills, means and methods are recognized as necessary and customarily followed in the community with respect to any given case normally requires expert testimony, except where the duty and its breach are so obvious as to be apparent to persons of common experience." (quoting *Brooks v. Serrano*, 209 So. 2d 279, 280 (Fla. 4th DCA 1968))).

Here, it is undisputed that the Court struck Anderson from providing any expert testimony or evidence in support of MHG's claims, *see* (DE [127], at 14), and MHG has

not retained any other expert witness.  Thus, although Anderson discusses in his affidavit how Studio 78 breached the architectural duty of care, *see* (DE [119-4]), the Court may not consider this evidence.   In MHG's Response, it attempts to recast Anderson's testimony in his affidavit as lay witness—as opposed to expert witness—testimony by removing references to Anderson's use of the word "architect" and asserting that Studio 78 breached "the general standard of care."  *See* MHG's Resp. in Opp'n 11–12 (DE [118]).

But the Court is unpersuaded by this sidestepping.  First, MHG's Amended Complaint alleges that Studio 78 breached its industry-imposed duty of care as an architect.  Am. Compl. (DE [1-2], at 43).  Thus, MHG did not plead ordinary negligence.  Second, it cannot be said that Studio 78's duty here was an obvious duty apparent to individuals of common experience such that expert testimony would not be required.  *See U.S. ex rel. J&A Mech., Inc.*, 2006 WL 3388450, at *3; *Chirillo*, 199 So. 3d at 252.  The Court also rejects MHG's argument that expert testimony is not required because the parties' contract codified the standard of care.  Although the contract does include such a provision, the contract provides that the duty of care is "that degree of care and skill ordinarily exercised by architects currently practicing under similar circumstances." (DE [119-3], at 5).  But the factfinder would not know the ordinary degree of skill exercised by an architect under similar circumstances unless it were told so by another expert architect.  Thus, the Court finds that Studio 78 is entitled to summary judgment on MHG's negligence claim because MHG has no expert testimony to establish duty and breach.

## B.  Engineers' MSJ

The operative pleading for Engineers' MSJ is Studio 78's Third-Party Complaint against Engineers (DE [1-3], at 256–96).  Relevant to the Florida Project, Studio 78 alleges breach of contract (count IV), breach of professional standard of care (count V),

and common-law indemnity (count VI).

Engineers' entire MSJ is premised on the argument that Studio 78 cannot prove its claims as a matter of law because Studio 78 has not responded to any of Engineers' discovery requests and has not produced its corporate representative for deposition. But there is one fatal flaw in Engineers' argument—they did not file a statement of material facts in support of their MSJ. *See* Fed. R. Civ. P. 56(c)(1)(B) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: . . . showing that . . . an adverse party cannot produce admissible evidence to support the fact."); S.D. Fla. L.R. 56.1(a)(1) ("A motion for summary judgment and the opposition to it *shall* each be accompanied by a separate and contemporaneously filed and served Statement of Material Facts." (emphasis added)). While it may be true that Studio 78 has failed to engage in discovery, the Court has no competent evidence on which it may properly enter summary judgment, as counsel's unsupported argument is not evidence. *See Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) ("[C]ounsel's argument is not evidence." (citing *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980))); *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, 2014 WL 7272974, at *7 (S.D. Fla. Dec. 18, 2014) ("Rhetoric and attorney argument are no substitute for record evidence.").

Nevertheless, Engineers argue that they are not required to submit a statement of material facts because all that Rule 56 requires is that they "point out" the lack of evidence supporting Studio 78's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("A court should grant summary judgment when, 'after an adequate time for discovery, a party fails

to make a showing sufficient to establish the existence of an essential element of that party's case.'" (quoting *Nolen v. Boca Raton Cmty. Hosp., Inc.*, 373 F.3d 1151, 1154 (11th Cir. 2004))).

Although it is true that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," the movant

> *always bears the initial responsibility* of informing the district court of the basis for its motion, and *identifying those portions* of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp.*, 477 U.S. at 323 (emphasis added); *see also Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) ("The movant . . . continues to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged."). Here, Engineers have failed to comply with Rule 56. The Court does not even know what interrogatories Studio 78 was served with and whether they would have established the necessary elements of each of the three claims.[7]

And even if Federal Rule of Civil Procedure 56 does not require specific citations to record material when pointing out a lack of evidence, there is no doubt that Local Rule 56.1(a)(1)—by use of its mandatory language *requiring* a statement of material facts in support of a summary-judgment motion—does. *See* S.D. Fla. L.R. 56.1(a)(1) (providing that a motion for summary judgment "shall . . . be accompanied by a separate" statement of material facts); *see also* S.D. Fla. L.R. 56.1(b)(1)(B) (providing that all statements of

---

[7] The Court acknowledges that Studio 78 concedes that its corporate representative has not been deposed and that it has not responded to Engineers' discovery requests. *See* Studio 78's Resp. in Opp'n 3, 7 (DE [121]). But these concessions are likewise not properly before the Court because Engineers themselves have not offered *any* summary-judgment evidence to discharge their initial burden.

material facts *shall* "[c]onsist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, and interrogatory answers").  Local rules are not "mere technicalit[ies]" but are "designed to help the court identify and organize the issues in the case."  *See Mann*, 588 F.3d at 1303 (citing *Reese*, 527 F.3d at 1268) (interpreting Northern District of Georgia's similar local rule on summary judgment).

Further, Engineers' reliance on an out-of-circuit case, *Wady v. Provident Life & Accident Insurance Co. of America*, 216 F. Supp. 2d 1060 (C.D. Cal. 2002), is unpersuasive.  Engineers rely on one sentence in *Wady*: "On an issue as to which the nonmoving party will have the burden of proof, . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 1065 (citing *Celotex Corp.*, 477 U.S. at 323).  But "pointing out" under Rule 56 still requires referring to specific portions of the record, not just simply making conclusory assertions by counsel.  And, importantly, a footnote in *Wady* shows that the movant-defendant submitted a statement of uncontroverted facts, and the nonmovant-plaintiff filed a statement of genuine issues that disputed the defendant's facts.  *See id.* at 1063 n.8.  Thus, *Wady* is distinguishable, as this Court has no properly submitted undisputed facts before it under Local Rule 56.1.[8]

---

[8] The Eleventh Circuit case of *Ojeda v. Louisville Ladder Inc.* (*Ojeda II*), 410 F. App'x 213 (11th Cir. 2010), warrants brief discussion because it is similar to this case but contains one important distinction.  In *Ojeda II*, like here, the plaintiff conducted no discovery, so the defendant moved for summary judgment under *Celotex* on the basis that the plaintiff had no evidence supporting the elements of his claims.  *Id.* at 215. The Eleventh Circuit affirmed the district court's grant of summary judgment in the defendant's favor because the plaintiff's affidavit contained conclusory, inadmissible evidence and because the plaintiff failed to come forth with evidence supporting his claims.  *Id.* at 216.  The district court's prior order reveals that the defendant's statement of material facts did not cite to any record evidence but admitted that some of

In their Reply, Engineers still maintain that "all necessary undisputed material facts were addressed in the Background and Procedural Posture sections of [their] Motion for Summary Judgment."  Reply 6 (DE [126]).  But this does not suffice under Local Rule 56.1(a)(1), which carries "the force of law."  *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *see, e.g.*, *United States v. Marder*, 183 F. Supp. 3d 1231 (S.D. Fla. 2016) (applying S.D. Fla. L.R. 56.1 and concluding that, without a supporting statement of material facts, the court had "no basis to entertain" defendants' motion for partial summary judgment).  Consequently, the Court denies Engineers' MSJ and need not reach Engineers' substantive arguments.

## V.   CONCLUSION

In conclusion, with respect to Studio 78's Amended MSJ, the Court finds that Studio 78 is not entitled to summary judgment on its standing argument on the negligence claim.  But Studio 78 is entitled to summary judgment on the negligence claim because it has established that MHG will not be able to prove the architectural standard of care and breach without expert testimony.  With respect to MHG's Motion to Strike, the Court declines to strike Studio 78's Amended Statement of Material Facts.  Lastly, with respect to Engineers' MSJ, the Court has no properly filed undisputed facts before it that would allow it to enter summary judgment in Engineers' favor.  Accordingly, it is hereby

---

the plaintiff's allegations in the complaint were true.  *Ojeda v. Louisville Ladder Inc.* (*Ojeda I*), 2009 WL 10697444, at *1 n.1 (S.D. Fla. Sept. 15, 2009).  The defendant's statement of material facts also made assertions about the lack of discovery taken in the case, which the plaintiff did not dispute.  *Id.*

But this Court finds *Ojeda I* and *II* distinguishable because—significantly—Engineers here have failed to file a statement of material facts to support their assertions about the lack of discovery, which violates Local Rule 56.1(a)(1).

**ORDERED AND ADJUDGED** that:

1. Studio 78's Amended Motion for Summary Judgment (DE [99]) is **GRANTED IN PART AND DENIED IN PART**.  Studio 78's argument that it is entitled to summary judgment on the negligence claim because of MHG's lack of standing is **DENIED**. Studio 78's argument that it is entitled to summary judgment because MHG cannot prove the negligence claim without expert testimony is **GRANTED**.

2. MHG's Motion to Strike (DE [120]) is **DENIED IN PART AND DENIED AS MOOT IN PART**.  The portion of MHG's Motion directed to Studio 78's "Undisputed Facts" is **DENIED AS MOOT** in light of Studio 78's agreement to withdraw that section of its Amended MSJ.  The portion of MHG's Motion directed to Studio 78's Amended Statement of Material Facts is **DENIED**.

3. Engineers' Motion for Summary Judgment (DE [100]) is **DENIED**.

4. Counsel for the parties are **DIRECTED** to file their sanctions submissions, not exceeding three double-spaced pages, by no later than the close of business on **June 1, 2021**, describing appropriate sanctions for themselves and their opposition.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of May 2021.

_____

RAAG SINGHAL

UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF